**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KOREA KUMHO PETROCHEMICAL CO., LTD.,

　　　　　　Plaintiff - Appellant,

　v.

FLEXSYS AMERICA LP; FLEXSYS N.V.,

　　　　　　Defendants - Appellees.

No. 09-15003

D.C. No. 3:07-cv-01057-MMC

MEMORANDUM [*]

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Argued and Submitted February 10, 2010
San Francisco, California

Before: HALL, THOMPSON and McKEOWN, Circuit Judges.

Plaintiff-appellant Korea Kumho Petrochemical Co., Ltd. ("KKPC"), a seller

of the rubber chemical 6PPD, appeals the dismissal of its third amended complaint

alleging that the defendants (collectively, "Flexsys") violated sections 1 and 2 of

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

the Sherman Act and California antitrust law, California Business and Professions Code § 16700 *et seq.* KKPC specifically alleges that Flexsys, a competing seller of 6PPD, coerced two potential buyers of 6PPD into boycotting KKPC and publicly threatened a patent infringement lawsuit to further intimidate customers.

We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

## I. Injury to Competition

Injury to competition is a requisite of claims under §§ 1 and 2 of the Sherman Act, *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 811 (9th Cir. 1988), and of KKPC's claims under California antitrust law, *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1160 (9th Cir. 2001) (explaining that the analysis under state law "mirrors the analysis under federal law"). "It is competition, not competitors, which the Act protects." *Brown Shoe Co. v. United States*, 370 U.S. 294, 344 (1962).

KKPC argues that it adequately alleged an injury to competition by identifying two potential customers that allegedly succumbed to Flexsys's threats. In support of this argument, KKPC relies on *Klor's, Inc. v. Broadway-Hale Stores, Inc.*, 359 U.S. 207 (1959).

In *Klor's*, several manufacturers and distributors conspired among themselves and with a major retailer, Broadway-Hale, either not to sell to Klor's or

2

to sell to it only at discriminatory prices and highly unfavorable terms. *Id.* at 208-09. *Klor's* is distinguishable in that it alleges a widespread vertical and horizontal combination. KKPC fails to allege any such widespread combination and specifically fails to allege the existence of a horizontal agreement among competitors.

In its operative complaint, KKPC alleges that: (1) the market of 6PPD purchasers consists of only a handful of major tire manufacturers; (2) Flexsys dominates that market with a 48-55% share; and (3) KKPC itself suffered injury. KKPC also alleges that certain costs (*e.g.*, tariffs and costs of constructing chemical plants) limit entry into the market. KKPC does not, however, plausibly allege that it is a low price competitor or that it provides a superior product. *Compare Pinhas v. Summit Health, Ltd.*, 894 F.2d 1024, 1032 (9th Cir. 1989) ("[If Pinhas provides cheaper services], the preclusion of Pinhas from practicing could conceivably injure competition by allowing other similar doctors to charge higher prices for their services.").

Nor are KKPC's additional allegations sufficient to allege an injury to competition. KKPC does not allege that it lacks market strength relative to Flexsys, nor that a substantial portion of the 6PPD market was foreclosed by Flexsys's threats. KKPC does not allege any injury to other sellers of 6PPD or to

3

the 6PPD market. *See Tampa Elec. Co. v. Nashville Coal Co.*, 365 U.S. 320, 329 (1961) (explaining that, to assess injury to competition, courts should take into account "the relative strength of the parties, the proportionate volume of commerce involved in relation to the total volume of commerce in the relevant market area, and the probable immediate and future effects which pre-emption of that share of the market might have on effective competition therein"). Furthermore, KKPC does not allege that 6PPD buyers suffer from higher prices or the lack of access to a superior product. Thus, the decisions of two manufacturers to buy from Flexsys do not suggest an illegal conspiracy. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1049 (9th Cir. 2008) ("Allegations of facts that could just as easily suggest rational, legal business behavior by the defendants as they could suggest an illegal conspiracy are insufficient to plead a violation of the antitrust laws."). Because KKPC has failed to allege an injury to competition, we affirm the district court's dismissal of the complaint on this ground.[1]

## II.    Motion to Supplement

KKPC challenges the district court's denial of KKPC's motion to supplement its complaint with allegations that Flexsys subsequently initiated sham

---

[1] Because we affirm the district court's dismissal on this ground, we need not and do not consider Flexsys's contention that alternate grounds support dismissal.

patent infringement litigation and an improper associated publicity campaign. We disagree. The district court did not abuse its discretion in concluding that the proposed supplemental allegations would address only the nature of the threats directed at KKPC, not an injury to competition, which is needed to save the complaint.

## III. Leave to Amend

Although district courts should "freely give leave [to amend] when justice so requires," where amendment is futile, leave may be denied. Fed. R. Civ. P. 15(a)(2); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). *See also Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (quotation marks omitted)).

The district court denied leave to amend on the ground of futility. The district court criticized KKPC for its inability to allege an injury to competition after two dismissals and five iterations of amendment, despite clear case law and a previous warning that the district court would not be inclined to permit further amendment. Moreover, both in the district court and in this court, KKPC has failed to assert how it might remedy the complaint. We conclude that the district

5

court acted within its discretion in denying KKPC an additional opportunity to amend the complaint.

## CONCLUSION

We AFFIRM the district court's dismissal of KKPC's third amended complaint. We also AFFIRM the district court's denials of KKPC's motions to supplement and to amend.

**AFFIRMED.**